```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


CHERYL J. CUNNINGHAM,            )
Individually and as Personal     )
Representative of the Estate of  )
SCOTT RANDALL CUNNINGHAM,        )
Deceased, JOHN J. CUNNINGHAM,    )
Individually; and KEVIN          )
CUNNINGHAM, Individually,        )
                                 )
          Plaintiffs             )
                                 )
     v.                          )   Case No. 2:07 cv 174
                                 )
SMITHKLINE BEECHAM d/b/a         )
GLAXOSMITHKLINE,                 )
                                 )
          Defendant              )
```

OPINION AND ORDER

This matter is before the court on the Motion for Leave to Exceed Ten-Deposition Limit filed by the defendant, Smithkline Beecham Corporation d/b/a Glaxosmithkline, on January 25, 2008. For the reasons set forth below, the motion is **GRANTED.**

Background

In their complaint, the plaintiffs, parents and the older brother of the deceased minor Scott Randall Cunningham, allege that Cunningham's use of the anti-depressant Paxil led to anxiety, insomnia, trembling, depersonalization, emotional blunting, and ultimately caused his suicide on March 14, 2001.

The drug's manufacturer, defendant Smithkline Beecham, has conducted or provided notice for ten depositions, including the three named plaintiffs, Cunningham's older sister, the prescribing physician, Cunningham's counselor, a nurse who completed an intake form when Cunningham received an endoscopy approximately

four months before his suicide, and three friends, including the decedent's girlfriend.

With its current motion, the defendant seeks to depose three additional friends who knew Cunningham at the time of his death and a school counselor.

### Discussion

The Federal Rules presumptively limit the number of depositions taken by a party to ten. Federal Rule of Civil Procedure 30(a)(2)(A).  *See also* ***Bell v. Fowler***, 99 F.3d 262, 271 (8th Cir. 1996). The rule provides for expanding this limit only upon leave of court and "consistent with the principles stated in Rule 26(b)(2)" which provides a gauge for altering the scope of discovery.  Rule 26(b)(2) also requires the court to address whether the discovery is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive."  The court also must consider the burden of the proposed discovery, including the "needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2)(C).  *See also* ***Barrow v. Greenville Independent School District,*** 202 F.R.D. 480, 482 (N.D. Tex. 2001); ***Pedraza v. Holiday Housewares, Inc.***, 203 F.R.D. 40, 42 (D. Mass. 2001).

In justifying additional depositions, a party must demonstrate a particularized need for the total number of depositions it seeks to take, including those already taken. *See* ***Barrow***, 202

F.R.D. at 483 ("If this approach were condoned, a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate.").  *See also* ***Duncan v. Paragon Publishing, Inc.***, 204 F.R.D. 127, 128 (S.D. Ind. 2001).

    The depositions that have been taken by Smithkline, beyond the three  plaintiffs, include Cunningham's older sister, who according to Smithkline witnessed Cunningham's behavior before and after beginning the use of Paxil. The defendant also has deposed Cunningham's treating psychiatrist and psychologist along with a nurse who completed an intake form on which Cunningham reported that "he consumed alcohol, smoked cigarettes and marijuana, and had used LSD in the last 3 months."  (Defendant's Memorandum, p. 5, ¶ 7) Smithkline also has deposed Sarah Duda, who was Cunningham's girlfriend at the time of his death and "has personal knowledge of his activities in the days before his death." (Def. Mem. p. 5 ¶ 8) The defendant deposed another friend, Drew Sarkisian, who was described as someone who "spent a good amount of time with Scott." Finally, on February 26, 2008, the defendant was scheduled to take the deposition of Tony Baker, Cunningham's best friend, who the defendant alleges took LSD with Cunningham on one occasion.

    Smithkline now seeks to depose Vicki Woods, a school counselor who met occasionally with Cunningham, and three additional

3

friends, Sarah Collins, Natalie Thomas, and Reha Blasko. Smithkline argues that the four additional depositions are relevant to Cunningham's "mental health, behavior and lifestyle before and during his Paxil inges- tion." (Def. Mem. p. 6)  More particularly, Smithkline states that Cunningham's mother has indicated that he spoke on occasion with his high school counselor, Vicki Woods, who the defendant suggests can testify regarding Cunningham's "mood, behavior, stressors, and activities" leading to his use of Paxil. (Def. Mem. p. 6)  Smithkline states that Sarah Collins was acknowledged as a best friend to both Cunningham and Sarah Duda. The defendant also seeks to depose Natalie Thomas, who Smithkline notes was a friend of both Cunningham and Duda, and allegedly has knowledge that Cunningham and Duda had begun a sexual relationship. Finally, Smithkline also seeks to depose Reha Blasko who is alleged to have consumed alcohol with Cunningham on one occasion.

The plaintiffs' objection to these depositions is that, having already deposed three of Cunningham's friends, deposing three more is cumulative. The plaintiffs further state that these depositions do not "help resolve any issue in this case." (Plaintiffs' Response p. 3)

There is no question that the emotional condition of the decedent prior to his use of Paxil and prior to his suicide is the central issue in this case. In the attempt to reconstruct the decedent's state of mind leading to these events, it cannot be said that any one individual who interacted with him gained such

4

a complete picture of his emotional state that a subsequent individual offers only cumulative testimony. The complexity of this task requires piecing together relevant evidence. Of course, there is a point at which further depositions would cease to be fruitful. Discovery of every acquaintance would be unreasonably cumulative.  However, permitting the four additional depositions, of a counselor and of individuals largely acknowledged by the plaintiffs as among Cunningham's closest friends, does not take this matter past that point. Accordingly, the defendant's motion is **GRANTED.**

_____

For the foregoing reasons, the Motion for Leave to Exceed Ten-Deposition Limit filed by the defendant, Smithkline Beecham Corporation d/b/a Glaxosmithkline, on January 25, 2008, is **GRANTED.**

ENTERED this 6th day of May, 2008


s/ ANDREW P. RODOVICH
United States Magistrate Judge